NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0115n.06

No. 08-2355

**FILED**
**Feb 22, 2010**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

GARTER BELT, INCORPORATED, )
)
    Plaintiff-Appellant, )
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR THE
) EASTERN DISTRICT OF MICHIGAN
TOWNSHIP OF VAN BUREN, )
)
    Defendant-Appellee. )

Before: SUHRHEINRICH, SUTTON, and COOK, Circuit Judges.

COOK, Circuit Judge. Garter Belt, Inc. sued to invalidate portions of the Charter Township of Van Buren's sexually oriented business ordinance. The district court granted summary judgment to the Township. We affirm, but on different grounds.

I.

Garter Belt began operating a topless bar in the Charter Township of Van Buren, Michigan in 1983. In 1999, the Township adopted an ordinance regulating sexually oriented businesses and requiring all topless bars to apply for a license. Except for a portion struck down pursuant to the ordinance's severability clause, this court upheld the constitutionality of the ordinance in an earlier case. *Bronco's Entm't, Ltd. v. Charter Twp. of Van Buren*, 421 F.3d 440, 449 (6th Cir. 2005).

Though Garter Belt continues to operate, and never applied for a license under the ordinance, it now challenges the ordinance on constitutional grounds and seeks a declaration that it need not obtain a license from the Township. The district court granted summary judgment to the Township.

II.

In *Bronco's*, we declined to decide whether the constitution requires that a sexually oriented business be permitted to continue operations during judicial review or while applying for a license. *Bronco's*, 421 F.3d at 449 n.4. Garter Belt presses for an answer to this question, asserting that the ordinance would bar it from operating during the pendency of its license application and therefore acts as an unconstitutional prior restraint.

But no part of the ordinance restricts operations during licensing efforts. Section 22-403, which details the application and review process, does not mention closure, restriction, or cessation of operations of existing businesses. In fact, Section 22-404(c) provides a lower fee for existing businesses, arguably contemplating that such businesses would continue to operate during the relatively quick application process.

The ordinance can plausibly be read as prohibiting operations during licensing proceedings (as Garter Belt suggests) or as allowing continued operations. Under the doctrine of constitutional avoidance, "when deciding which of two plausible statutory constructions to adopt . . .[i]f one of them would raise a multitude of constitutional problems, the other should prevail . . . ." *Clark v.*

*Martinez*, 543 U.S. 371, 380–81 (2005). Thus, we construe the Township's ordinance to permit Garter Belt to continue operating while applying for a license. So construed, Garter Belt fails to raise any constitutional questions not previously answered when we upheld the ordinance in *Bronco's*. Furthermore, at oral argument, counsel for Garter Belt conceded that our application of constitutional avoidance principles moots its Fourth Amendment claim.

III.

Accordingly, we affirm the judgment of the district court.